Good morning, Your Honor. My name is Bob Carey. I represent the appellant in this matter, Alfonso Contreras-Leon. Counsel, you'll have to speak up just a little bit so that we can hear you. I'm sorry. Is this better? Is this better? Okay. The first issue I'd like to address is what I consider to be the major issue in this case, which is the denial of the INS v. St. Cyr motion. That is, the immigration judge in 1998 made a decision that Mr. Contreras-Leon, under no circumstances, was entitled to an appeal. He misconstrued the date of the conviction that Mr. Contreras-Leon had suffered and thought that it culminated or terminated in 1998. What, in fact, happened was Mr. Contreras-Leon entered a plea to a charge of assault with a deadly weapon in 1995. Thereafter, he suffered two violations of probation. When he was originally convicted, he was sentenced to six months. Thereafter, in approximately a year and a half, two years, he was sentenced again for a violation of probation on another charge for 90 days. Thereafter, again in another year or so, he was sentenced on, I believe, a DUI or a suspended driving, driving on a suspended license, and sentenced to another 90 days. The immigration judge, in looking at this, determined that this was a violent felony and, in fact, basically said you have no right to appeal, did not advise him of a right to appeal. In 2001, the United States Supreme Court decided INS v. St. Cyr. This provided that those individuals who entered a plea of or went to an immigration hearing and a deportation hearing prior to, excuse me, I'm hearing a background. I think I understand the St. Cyr problem. I'm confident the panel does as well. Let me tell you there are two things here that bother me that I would like you to address. One is, why isn't all of this irrelevant, because you waived this when your client pled guilty without any reservation? Why hasn't he waived all of this? Second problem is, why isn't the 2001 conviction independent, an independent ground, and therefore has nothing to do with whatever injustice was done to him in 1998? Let me answer the second one first, Your Honor. With regard to the 2001 violation, that, of course, was Mr. Contreras-Leone basically representing himself as a citizen of the United States falsely. A district court thereafter sentenced him to 75 days and also ordered him removed. And that was the removal order that was issued at that time. It was separate and distinct from the immigration hearing. We take the position, quite simply, that had Mr. Contreras-Leone been given the rights under INS versus St. Cyr, that he would have been able to apply for Section 212C relief and would have been a citizen and wouldn't have to lie at that time. In that regard, the district court could not reach or make a decision as to the validity of the 2001 separate offense. It didn't. But the 2001 conviction did not rely on the 1998 conviction. Your point is, had he been granted relief in 1998, then he wouldn't have had to lie when he was entering the country in 2001. Do you have any case where we have ever honored that kind of argument? No, I do not, Your Honor. There is none that I am aware of. The issue is, what is the causative effect, if any, of the denial of the IRS for INS v. St. Cyr rights to apply for Section 212C relief? But there might have been other ways. I'm not exactly sure what it would be, and I'm sure it would be complicated. But there might be other ways that he could come back and say, wait a minute, I wasn't given my rights in 1998, short of illegally entering, reentering the country in 2001 and lying to the officers as he comes into the United States. That's a separate and independent basis for his sentence in this case. The open position that we've taken in the briefs, Your Honor, is that with regard to the 2001 violation, that only occurred necessarily, causally, because of the original violation. Do you want to address the plea problem? I'll address the plea problem, Your Honor. Essentially, as we made clear in the brief, Mr. Contreras-Leone admitted to the facts set forth in the Model Peel Code instruction, and that is essentially that he was in the country at the times, he did not have valid permission to be here, and basically violated that particular law as set forth in the factual elements. There was no colloquy inquiry with regard to the waiver of appellate rights. In fact, in the Model Peel Code instructions, there are no references to the validity of the deportation order. And essentially, it is a valid factual entry of guilt. Now, this Court has jurisdiction to hear this. The Government has cited Tollett v. United States and has indicated that necessarily there are. This is a waiver of all constitutional rights. I don't think that that's correct. This circuit, this Court has basically, in a case called United States v. Garcia Valenzuela at 232 F. 3rd, 1003, collected a variety of cases where the courts have allowed the individual to, even though they've entered a plea, to contest constitutionally the rights that go. Well, that principle certainly doesn't hold sway in other contexts. I'm thinking of where you have a potential Miranda claim, for example. If you plead guilty, your Miranda, anything that you had under Miranda is gone. Well, what the interesting thing, truly the interesting thing about Garcia Valenzuela's is the circuit said, although the dividing line has not been crystal clear between claims that are barred by an unqualified guilty plea and those that are not. And I think that's really one of the interesting issues about this case. This circuit has, well, the Supreme Court in Menia allowed a plea with regard to issues of double jeopardy, allowed the court, the Supreme Court in Blackledge allowed a claim of vindictive prosecution. This circuit has allowed the defendant to enter a plea and challenge the constitutionality of the statute, whether the statute was vague and unconstitutional, having entered pleas to those clients. But the issue that I think you're missing, and you left out one of the elements on the crime, which was the prior lawful deportation, is that in pleading guilty, he basically admitted to all of the elements of the crime, not to the legality of the, I mean, he did not reserve access to the legality of the deportation for a subsequent appeal. He admitted a valid lawful deportation as part of the elements upon which he was found guilty. So different than a constitutional right like Miranda or something else, he admitted the exact essential elements that he was ultimately convicted on. Without reserving those, how could he therefore appeal? It's unconditional. I may be in error in this, but I do not think that when he ever entered any acknowledgement of the validity of the deportation orders. Secondly, I don't think that the colloquy or the inquiry or the model penal code instructions go to the issue of the validity of the order. Now, that may be assumed. And I think it is. I think that's the point. It's assumed where they simply admit to the crime, and that is the essential element. But it wasn't reserved on the record for purposes of later review. And under that context, how can we then take apart what has already been clearly admitted on the record that wasn't collateral tangential to the overall prosecution? Well, I don't think it was, one, admitted on the record, Your Honor. I don't think that there is an assumption that there was a deportation order. That is one of the elements of the crime. I think if you go through the model penal code, it doesn't say, and I may be wrong, but I don't think so, that this order is a lawful, valid legal order. That the individual in the colloquy does not admit to that, I do not believe. Secondly, to answer the other question that Your Honor had, this type of violation, INS v. Sancerre, is a constitutional violation. And if, in fact, and it's an issue of due process, I think that what – I just looked down at this clock and it said stop. If you're answering Judge Battaglia's question, you may finish up. We'll allow you one minute. You ought to be very brief. I apologize to the Court. I didn't notice it. I think that what's involved is a constitutional violation, not a normal plea colloquy type of violation, and that is he's giving up his rights to challenge a particular statute which basically, a particular case which indicated that it was a violation of due process, basically, to deny him his INS v. Sancerre rights. I won't get into the issue of Chute-Long v. Holder. Suffice it to say that I believe that all of the – I think that's sort of beyond where you were. You are over your time. Thank you.  Let's hear from the government. Good morning. May it please the Court. My name is Lori Gray. I represent the United States. To begin, defendant waived his right to appeal his pre-plea motion when he entered an unconditional guilty plea without reserving the right to appeal any pretrial orders. The record is clear, and indeed undisputed, that defendant pleaded guilty without a plea agreement reserving the right as required under Federal Rule of Criminal Procedure 11a2. And the record also shows that the defendant understood his options. Once the district court denied his collateral attack, defendant said, well, then perhaps we'll set it for a stipulated bench trial at which the court advised defendant, well, then you would retain your rights to appeal. Defendant then, in looking at his options, filed a pleading pre-plea that was entitled effect of his entry of guilty plea. And that is at government's excerpt of record 14-16. And in that, he stated that he would be pleading guilty to one date, the November 30, 1998 deportation, claiming the rest were duplicative. But in that written pleading, significantly, he did not reserve his right to appeal. And by choosing the option he did, pleading open, he has waived, based on longstanding law, the appeal he brings today. Sotomayor, wasn't there language, though, in the plea colloquy where the district court seemed to say that he had a right to appeal? Well, Your Honor, you're right that this Court has allowed an appeal where the district court makes a clear statement vitiating the waiver. And I would submit to what you're referring to, Your Honor, was not a clear statement. As I said, at the time of the motions hearing, the Court said, well, on a stipulated bench trial, you would have a right. At the time of the change of plea, the Court went through very meticulously all the requirements of Rule 11, and it got a little muddled about what dates he was pleading to, but not what offense. And at that point, the Court said, well, I'm warning you, you'll likely be foreclosed from raising this again. That's clearly not vitiating the waiver. That's not a clear statement. And then when we come to sentencing, Your Honor, the Court again did not advise, because it wasn't required, to tell the defendant, did not have a right to appeal. A subpart of this is the only way defendant could get around this clear waiver is if the plea was not voluntary, intentional, or knowingly made. And I submit, Your Honors, that defendant has waived this challenge as well. He never raised this before the district court. Indeed, he never raised this argument before this Court in his opening brief. The first time that defendant alleged his plea was not knowing was in response to the government's motion to dismiss before this Court, to dismiss his opening brief, and now in the reply brief, he recasts his argument. He recasts the issue in response to the government's argument in that he admits that he knowingly pleaded guilty to all the elements of the offense. That's at reply brief 12. But he says he didn't admit to the legality of the deportation order. And this, Your Honor, I believe goes to your question, Judge Begalia. That's not an element of the offense. So that argument misses the mark. And this Court has held that the legality of the deportation order is not an element of the offense in United States v. Alvador Delgado at 98 Fed Third 492. The elements of the offense are that he was deported, that he thereafter knowingly and legally reentered without permission, and that he was an alien at the time. So for that reason, too, this Court should dismiss. And if for some reason you get all the way to the end where you find that he has preserved this issue and that for some reason the plea wasn't voluntarily and intentional, then at most, at most, the case should be remanded to allow defendant to withdraw. But again, for all the reasons I just cited, we believe this should be dismissed. Now, I will address the defendant's merits argument only because that is what he spent the primary of his argument today, although, again, we do not believe that this Court has to reach it. But if you do reach the merits, again, defendant loses because he has failed to show, as is his burden, both a due process violation and that he was prejudiced. Now, with regard to the change of plea, he pled in 1995 to an aggravated ‑‑ excuse me, to an assault with a firearm on a person in violation of California Penal Code Section 245A2. His removal hearing was in 1998. In between, the immigration laws had been amended in 1996. But ‑‑ and an aggravated felony had moved a bit. But defendant was ineligible for Section 212C relief, not because of the length of sentence, and we can sit and dispute about how long he served at probation and how that factors in, but he was ineligible for 212C relief because there was no comparable grounds of exclusion. And this Court addressed that specifically in Abebe v. Gonzales in 2007. And the district ‑‑ Sotomayor, that's no longer the case. ‑‑ the district court. Well, Your Honor, I believe that the part of it with regard to the comparable grounds at that time is still applicable. And that is the reason that defendant was not entitled to Section 212C relief. And Judelang, decided 13 years later, does not apply. And I believe, Judge Biby, this goes to your question of, well, what, you know, if there was something that was a change, what could be done? I filed a 28J letter a week after this brief was filed back in January. And that case was Vidal-Mendoza, and it talked about two correlative principles there. First, that the I.J. must provide accurate information to the defendant as to his rights at the time of the deportation hearing, and that the defendant doesn't have to be clairvoyant. And what the Court said in that case is that the remedy, if there's an intervening change of law that makes an alien eligible for discretionary relief, the remedy is for the alien to file a motion to reopen. Now, in this case, defendant wasn't even eligible because of the comparable grounds. That wasn't held to be arbitrary and capricious until 2011, and he certainly did not rely on that, like defendants in St. Cyr, who relied on a certain reading of the law, which was subsequently taken away. And regardless, defendant was not prejudiced. The facts show, when you look at the time of the hearing, that he would have to have shown that he had plausible grounds to relief. And his criminal history at that time and his non-extraordinary circumstances would have made it unlikely, would have made it implausible that he would have been granted relief. As I said, he was convicted of this assault with a firearm. He had twice violated the terms and conditions of his probation. At that time, he had four DUI convictions. He had multiple driving on suspended license. He presented no unique circumstances. And then that leads us to the third prong of this argument, which is that the 2001 deportation was independent. He arrived at a port of entry and he falsely stated his status, that he was a United States citizen, and indeed, his deliberate use of false documents upped the ante and showed his intent to violate the law. Sotomayor, That charged him with indictment. It was one of the counsel – it was one of the listed dates of deportation, Your Honor. So for that host of reasons, the United States would urge this Court to both dismiss defendant's appeal and if you reach the merits, to affirm the district court's order. If you have any further questions, I'm happy to answer them or else I would submit. I don't think so. Thank you, counsel. Thank you. Mr. Kerry, I will allow you one minute if you'd like it. Your Honor, as to the merits of the appeal, Judah-Lang came down and it indicated that all of the statutory counterpart arguments are arbitrary and capricious under the Administrative Procedure Act. The hearing that Mr. Contreras-Leon was deprived of, as it was conducted, was a hearing that was conducted at that time, in 2004, 2005, was very broad and ranging, was a broad geographic social situation. We submit that, as we did in both of our briefs, that he made more than a plausible showing to grant relief under INS v. St. Cyr had he been given those rights. Thank you. All right. Thank you, counsel. I thank both counsel for the argument. The case is submitted.
judges: Battaglia, Schroeder, Bybee